IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ELIZABETH IMMANIVONG,

    Plaintiff,

v.                                          C.A. NO.: 3:11-cv-2514

WELLS FARGO BANK, N.A., and
WELLS FARGO HOME MORTGAGE,
INC.

    Defendants.
_____/

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, by and through her undersigned counsel, and sues the Defendants WELLS FARGO HOME MORTGAGE, INC. and WELLS FARGO BANK, N.A. and in support thereof states as follows:

1. Plaintiff brings this action for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Defendant, WELLS FARGO HOME MORTGAGE, INC. is a corporation formed and existing under the laws of the State of California and which maintains and operates an office in Dallas County, Texas.

4. Defendant WELLS FARGO BANK, N.A. is the corporate entity which maintains offices in Dallas County, Texas and is responsible for and derives profits from the business activities of WELLS FARGO HOME MORTGAGE, INC. in Texas.

5. At all times material to this complaint, Defendants were joint employers of the Plaintiff as defined 29 C.F.R. §791.2

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this complaint, Defendants were enterprises engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

7. Venue is proper in this district under 28 U.S.C. § 1391.

8. The Plaintiff worked for Defendants from February 2006 through May 2010 as a mortgage consultant.

9. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

10 The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

11. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

12. Section 216(b) of the FLSA provides that any employer who violates the statute shall be liable for unpaid overtime pay and an additional equal amount as liquidated damages. Therefore, Plaintiff seeks an award of liquidated damages in an equal amount as the amount of unpaid overtime pay.

13.     Plaintiff also seeks compensation of the out of pocket expenses and costs of court she will have incurred in this action.  Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2.  The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 26th day of September, 2011.

ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

_____
CHARLES L. SCALISE
Texas Bar No. 24064621

JOHN F. POLEWSKI
Texas Bar No. 16088610
Polewski & Associates, P.C.

1229 E. Pleasant Run Road, Ste. 120
Desoto, Texas 75115
ATTORNEY FOR PLAINTIFF